**Hearing Date and Time: June 22, 2015 at 11:00 a.m.**
**Objection Deadline: June 15, 2015 at 5:00 p.m.**

**MEYER, SUOZZI, ENGLISH & KLEIN, P.C.**
**990 Stewart Avenue, Suite 300**
**Garden City, New York 11530-9194**
**Phone: (516) 741-6565**
**Fax: (516) 741-6706**
**Jil Mazer-Marino, Esq.**

*Attorneys for Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

| | | |
|---|---|---|
| In Re: | : | Chapter 7 |
| | | |
| LUMINOSITY MARKETING, INC., | : | Case No.: 12-11147 (MG) |
| | | |
| Debtor(s). | : | |

--------------------------------------------------------X

### CHAPTER 7 TRUSTEE'S MOTION SEEKING TO RECLASSIFY
### PROOF OF CLAIM NUMBER 16 FILED ON BEHALF OF YAHOO! INC.

Jil Mazer-Marino, the chapter 7 trustee (the "**Trustee**"), for Luminosity Marketing, Inc. (the "**Debtor**"), by her attorneys, Meyer, Suozzi, English & Klein, P.C., files this motion (the "**Motion**") to reclassify the Proof of Claim Number 16 (the "POC") filed on behalf of Yahoo! Inc. ("**Yahoo**" or "**Creditor**") as a general unsecured claim. In support of her Motion, the Trustee respectfully sets forth as follows:

### JURISDICTION

1.      This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## FACTS

### A.    Background

2.      On March 22, 2012, the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code (the "**Petition Date**").

3.      On March 23, 2012, the Trustee was appointed as the interim chapter 7 trustee in the Debtor's case and has since qualified as permanent trustee of the Debtor's Estate pursuant to Bankruptcy Code section 702(d).

4.      Under Bankruptcy Code section 365(d), executory contracts and unexpired leases that were not assumed were deemed rejected as of May 21, 2012 (the "**Rejection Date**").

5.      The last date for timely filing proofs of claim in this case was July 2, 2012.

### B.    Yahoo's Claims

6.      On June 14, 2012, Yahoo filed the POC asserting a claim of not less than $23,980.82, consisting of a $19,962.61 general unsecured claim and a $4,018.21 administrative expense (the "**Priority Claim**").  A copy of the POC is attached as Exhibit "1" to the *Declaration of Jil Mazer-Marino in Support of the Chapter 7 Trustee's Motion Seeking to Reclassify Proof of Claim Number 16 Filed on Behalf of Yahoo! Inc.*, dated May 20, 2015 (hereinafter, the "**Decl.**").  A copy of the Decl. is attached hereto as Exhibit "A".

7.      The POC states that Yahoo and Luminosity were parties to a certain Insertion Order (the "**Contract**") that was an executory contract as of the Petition Date. *See Decl. Exhibit 1.*

2

8.    Yahoo asserts the Priority Claim is entitled to be classified as an administrative expense claim because the Priority Claim is for services rendered by Yahoo from the Petition Date through the Rejection Date. *See Id.*

## REQUEST FOR RELIEF

9.    By the Motion, the Trustee requests entry of an order that reclassifies the POC as a general unsecured claim in the amount of $23,980.82.

## ARGUMENT

10.    Bankruptcy Code section 503(a) provides that an entity may timely file a request for payment of an administrative expense.

11.    Bankruptcy Code section 503(b)(1)(A) provides that only "actual, necessary costs and expenses of preserving the estate" are allowed as administrative expenses.

12.    In light of the bankruptcy goal of providing equal distribution of a debtor's assets to all creditors, "statutory priorities, such as those resulting from administrative expense treatment are narrowly construed." *In re Old Carco*, 424 B.R. 633, 642 (Bankr. S.D.N.Y. 2010). A claimant bears the burden of proving that its services are actual and necessary for preserving the estate in order to receive administrative priority. *See In re Old Carco LLC*, 424 B.R. 650, 657 (Bankr. S.D.N.Y. 2010); *In re Drexel Burnham Lambert Group Inc.*, 134 B.R. 482, 489 (Bankr. S.D.N.Y. 1991).

13.    As set forth by the Second Circuit Court of Appeals, "an expense is administrative only if it arises out of a transaction between the creditor and the bankrupt's trustee or debtor in possession and 'only to the extent that the consideration supporting the claimant's right to payment was both supplied to and beneficial to the debtor-in-possession in the operation of the business.'" *Amalgamated Ins. Fund v. McFarlin's Inc. (In re McFarlin's Inc.)*, 789 F.2d 98 (2d

3

Cir. 1986) (internal citations omitted) (quoting *In re Mammoth Mart, Inc.*, 536 F.2d 950, 955 (1st Cir. 1976)). *See In re Grubb & Ellis Co.*, 478 B.R. 622, 624-25 (Bankr. S.D.N.Y. 2012); *In re Old Carco LLC*, 424 B.R. at 638-640; *In re Ames Dept. Stores, Inc.*, 306 B.R. 43, 51 (Bankr. S.D.N.Y. 2004).

14.     Yahoo cannot carry its burden of proof that the Priority Claim is an administrative expense.  First, the Priority Claim does not arise out of a transaction between Yahoo and the Trustee.  Rather, as set forth in the Proof of Claim, the Priority Claim arises out of the Contract, which is a transaction between Yahoo and the Debtor.   Second, Yahoo did not provide consideration that was "both supplied to and beneficial to" the Debtor's estate.  The Debtor ceased all operations after the Petition Date; therefore, services rendered by Yahoo (if any), could not have benefitted the Debtor's estate.

15.     Based on the foregoing, it is submitted that the Priority Claim should be reclassified as a general unsecured claim.

## NOTICE

16.     The Trustee served notice of this Motion on: (i) the United States Trustee; (ii) counsel for the Debtor; (iii) counsel for Yahoo and (iv) those parties who have requested notice pursuant to Bankruptcy Rule 2002.  The Trustee submits that no other or further notice need be provided.

## CONCLUSION

**WHEREFORE**, the Trustee respectfully requests that the Court grant the relief requested herein, and enter an order, substantially in the form of the proposed order annexed hereto as Exhibit "B," providing for the POC to be allowed as a general unsecured claim in the amount of $23,980.82 and for such other and further relief as may be just and proper.

Dated: Garden City, New York
      May 20, 2015

                                 **MEYER, SUOZZI, ENGLISH & KLEIN, P.C.**
                                 *Attorneys for Chapter 7 Trustee*

                                 By: */s/ Jil Mazer-Marino*
                                     Jil Mazer-Marino, Esq.
                                **990 Stewart Avenue, Suite 300**
                                **Garden City, New York  11530-9194**
                                **Phone: (516) 741-6565**
                                **Fax:  (516) 741-6706**

1055835v.1

**EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In Re:                                          :          Chapter 7

LUMINOSITY MARKETING, INC.,                     :          Case No.: 12-11147 (MG)

                          Debtor(s).            :
-------------------------------------------------------------X

### DECLARATION OF JIL MAZER-MARINO IN SUPPORT OF THE CHAPTER 7 TRUSTEE'S MOTION SEEKING TO RECLASSIFY PROOF OF CLAIM NUMBER 16 FILED ON BEHALF OF YAHOO! INC.

JIL MAZER-MARINO, pursuant to 28 U.S.C. § 1746, declares the following to be true under penalty of perjury:

1.      I am an attorney at law, duly admitted to practice in the State of New York and before this Court.

2.      I am the chapter 7 trustee for Luminosity Marketing, Inc. the above-captioned debtor (the "**Debtor**").

3.      I submit this declaration in support of the motion (the "**Motion**") pursuant to sections 105(a) and 503 of title 11 of the United States Code (the "**Bankruptcy Code**") and Federal Rule of Bankruptcy Procedure Rule 3007(a), to reclassify Proof of Claim Number 16 (the "POC") filed on behalf of Yahoo! Inc. ("**Yahoo**" or "**Creditor**") as a general unsecured claim.

4.      The facts set forth herein are based on my personal knowledge, and my review of documents that are a matter of public record.

A.      **Background**

1.      On March 22, 2012, the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code (the "**Petition Date**").

2.      On March 23, 2012, I was appointed as the interim chapter 7 trustee in the

Debtor's case and I have since qualified as permanent trustee of the Debtor's Estate pursuant to

Bankruptcy Code section 702(d).

3.      Under Bankruptcy Code section 365(d), the Debtor's executory contracts

and unexpired leases that were not assumed were deemed rejected as of May 21, 2012 (the

"**Rejection Date**").

4.      The last date for timely filing proofs of claim in this case was July 2,

2012.

**B.      Yahoo's Claims**

5.      On June 14, 2012, Yahoo filed the POC asserting a claim of not less than

$23,980.82, consisting of a general unsecured claim of $19,962.61 and an administrative expense

of $4,018.21 (the "**Priority Claim**").  A true and correct copy of the POC is attached hereto as

Exhibit "1."

6.      The POC states that Yahoo and Luminosity were parties to a certain

Insertion Order (the "**Contract**") that was an executory contract as of the Petition Date.

7.      Yahoo asserts the Priority Claim is entitled to be classified as an

administrative expense claim because the Priority Claim is for services rendered from the

Petition Date through the Rejection Date.

8.      I submit that Yahoo cannot carry its burden of proof that the Priority

Claim is an administrative expense.  First, the Priority Claim does not arise out of a transaction

between Yahoo and me, in my capacity as chapter 7 trustee.  Rather, as set forth in the Proof of

Claim, the Priority Claim arises out of the Contract, which is a pre-Petition Date transaction

between Yahoo and the Debtor.  Second, Yahoo did not provide consideration that was "both

8

supplied to and beneficial to" the Debtor's estate.  The Debtor ceased all operations after the

Petition Date; therefore, services rendered by Yahoo (if any), could not have benefitted the

Debtor's estate.

9.    Based on the foregoing, it is submitted that the Priority Claim should be

reclassified as a general unsecured claim.

**Dated:  Garden City, New York**
**       May 19, 2015**

/s/ Jil Mazer-Marino
**        Jil Mazer-Marino, Trustee**
**MEYER, SUOZZI, ENGLISH & KLEIN, P.C.**
**990 Stewart Avenue**
**P.O. Box 9194**
**Garden City, New York**
**Telephone:  (516) 741-6565**
**Facsimile:   (516) 741-6706**

1055835v.1

**EXHIBIT 1**

B 10 (Official Form 10) (12/11)

| UNITED STATES BANKRUPTCY COURT    Southern District of New York | PROOF OF CLAIM |
|---|---|

| Name of Debtor:<br>Luminosity Marketing, Inc. | Case Number:<br>12-11147 | |

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
Yahoo! Inc.

| Name and address where notices should be sent:<br>Lawrence Schwab/Thomas Gaa<br>Bialson, Bergen & Schwab, a Professional Corporartion<br>2600 El Camino Real, Suite 300, Palo Alto, CA 94306<br><br>Telephone number: (650) 857-9500    email: Tgaa@bbslaw.com | **COURT USE ONLY**<br><br>☐ Check this box if this claim amends a previously filed claim.<br><br>Court Claim Number:<br>    (*If known*)<br><br>Filed on: |
|---|---|
| Name and address where payment should be sent (if different from above):<br><br><br><br>Telephone number:    email: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars. |

**1. Amount of Claim as of Date Case Filed:**        $            23,980.82

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:**    See Attachment 1
    (See instruction #2)

| 3. Last four digits of any number by which creditor identifies debtor: | 3a. Debtor may have scheduled account as:<br><br>(See instruction #3a) | 3b. Uniform Claim Identifier (optional):<br><br>(See instruction #3b) |
|---|---|---|

**4. Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
Describe:

Value of Property: $

Annual Interest Rate_____% ☐ Fixed  or  ☐ Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:
        $

Basis for perfection:

Amount of Secured Claim:    $

Amount Unsecured:        $

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.**

☐ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

☑ Other – Specify        $        4,019.21
applicable paragraph of
11 U.S.C. § 507 (a)(2).

Amount entitled to priority:

*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

RECEIVED JUN 14 2012
U.S. BANKRUPTCY COURT
SO DIST OF NEW YORK

B 10 (Official Form 10) (12/11)                                                                                                    2

---

**7. Documents:** Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

---

**8. Signature:** (See instruction #8)

Check the appropriate box.

☐ I am the creditor.    ☑ I am the creditor's authorized agent.    ☐ I am the trustee, or the debtor,    ☐ I am a guarantor, surety, indorser, or other codebtor.
                          (Attach copy of power of attorney, if any.)    or their authorized agent.    (See Bankruptcy Rule 3005.)
                                                                          (See Bankruptcy Rule 3004.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name:  Thomas M. Gaa, Esq.
Title:  Attorney for Creditor
Company:  Bialson, Bergen & Schwab                    ___Thomas M. Gaa___          ___12 June 2012___
Address and telephone number (if different from notice address above):    (Signature)                          (Date)

_____
_____

Telephone number:                email:

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

---

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

### Items to be completed in Proof of Claim form

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, attach a complete copy of any power of attorney, and provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

B 10 (Official Form 10) (12/11)                                                                                                          3

## DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is a person, corporation, or other entity to whom debtor owes a debt that was incurred before the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

**Claim**
A claim is the creditor's right to receive payment for a debt owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. § 506 (a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien.

A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. § 507 (a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

## INFORMATION

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

## Attachment 1 to Proof of Claim of Yahoo! Inc.

**Debtor:**  **Luminosity Marketing, Inc.**                    **Case Number: 12-11147**
**Creditor:**  **Yahoo! Inc.**

**Amount of Claim: Not less than $23,980.82**

### Statement of Claim

Luminosity Marketing, Inc. (the "Debtor") is liable to Yahoo! Inc. (the "Creditor") in the amount of not less than $23,980.82 (the "Claim") for amounts payable under the terms of that certain *Insertion Order No. 46760-118955* (the  Contract"). A true and accurate copy of the Contract is attached hereto as Exhibit A and incorporated by reference herein as if fully set forth.

The Contract was rejected on May 21, 2012 (the "Rejection Date") pursuant to 11 U.S.C. §365(d)(1), and, accordingly, any amounts that accrued from and after March 22, 2012 (the "Petition Date") through the Rejection Date represent an administrative expense claim. To date, and administrative expense claim has accrued in the amount of $4,018.21.

A summary of the Claim amount is set forth below. True and accurate copies of the Invoices are attached hereto as Exhibit B and incorporated by reference herein as if fully set forth.

| Invoice No. | Invoice Date | Service Period | Amount Due Per Invoice | Pre-petition Amount | Post-petition Amount |
|---|---|---|---|---|---|
| **1637083** | 2/3/2012 | Jan-12 | $324.22 | $324.22 | |
| 1658783 | 3/3/2012 | Feb-12 | $11,345.30 | $11,345.30 | |
| 1660173 | 4/3/2012 | Mar-12 | $12,424.18 | $8,283.09 | $3,949.09 |
| 1673153 | 5/2/2012 | Apr-12 | $69.12 | | $69.12 |
| Total | | | **$23,980.82** | **$19,962.61** | **$4,018.21** |

This Proof of Claim is filed to protect the Creditor from forfeiture of its Claim. The execution and filing of this Proof of Claim is not: (a) a waiver or release of the Creditor's rights

against any other entity or person liable for all or part of the Claim; (b) a consent by the Creditor to the jurisdiction of this Court with respect to any proceeding commenced in this case against or otherwise involving the Creditor; (c) a waiver of the right to withdraw the reference with respect to the subject matter of the Proof of Claim, any objection or other proceedings commenced with respect thereto or any other proceeding commenced in this case against or otherwise involving the Creditor; or (d) an election of remedy which waives or otherwise affects any other remedy.

The Creditor expressly reserves its rights to file other Proofs of Claim or requests for allowance and payment of any administrative expense with respect to the Claim set forth herein or otherwise (which proof of claim or request, if so filed, shall not be deemed to supersede this claim), to amend or supplement this Proof of Claim in any respect, including with respect to the filing of an amended claim or to file additional Proofs of Claim for claims not covered by this claim. Notwithstanding anything contained in this Proof of Claim, Creditor expressly reserves its rights in respect to the Claim set forth herein or any other claims, cause of action, chose in action and defenses, and preserves all rights including, without limitation, to assert its rights against any third party whatsoever. The Creditor also expressly reserved its rights to assert a set-off against the Claim for any amounts due to the Debtor.

Creditor asserts the following additional claims including, without limitation, (i) the right to claim administrative expense priority for any unsecured portion of the Claim; (ii) interest, attorneys' fees and costs which continue to accrue and be incurred; (iii) rights to estimate contingent and assert additional claims if contingent claims are estimated and/or liquidated; and (iv) any other claim Creditor may have against the Debtor relating to or incidental to any loans made by Creditor to the Debtor (collectively, the "Additional Claims"). Notwithstanding anything to the contrary as may be set forth in the Proof of Claim, Creditor expressly reserves and preserves all rights with regard to the Additional Claims.

Attachment 1 to POC

Exhibit A

This Preemptible Insertion Order ("Insertion Order") is subject to the terms and conditions set forth at
http://info.yahoo.com/legal/us/yahoo/advertising/masterterms/masterterms-322.html. This Insertion Order is not valid until signed by you, and Yahoo! Inc.
makes your ads available on the Distribution Network (defined below).  *If you have not signed and returned the Insertion Order to us within three (3) business
days of issue date listed below, the Insertion Order may expire.*

| | |
|---|---|
| Insertion order: | **46760 - 118955** |
| Date Issued: | **03/26/2012** |

### Advertiser/Agency Information¤

| | |
|---|---|
| Client | **Coursesmart, LLC** |
| PO# | |
| Campaign | **CourseSmart Q1 Campaign** |

### Yahoo! Network Plus Information

**Yahoo! Inc.**
**701 First Avenue**
**Sunnyvale, CA 94089**

## CONTACT INFORMATION

### Administrative and Billing Information

| | |
|---|---|
| Primary Contact | **Natalie Brodjeski** |
| Phone | |
| Fax | |
| E-mail | **NBrodjeski@luminositymarketing.com** |

| | |
|---|---|
| Billing Contact | **Natalie Brodjeski** |
| Company | **Luminosity-CourseSmart.com** |
| Address | **250 5th Ave Rm 200** |
| Address | **New York, NY 10001-6405** |
| Phone | |
| Fax | |
| E-mail | **NBrodjeski@luminositymarketing.com** |

### Yahoo! Network Plus Contact Information

| | |
|---|---|
| Primary Contact | **Matt Kelley** |
| Phone | **617-878-4944** |
| Fax | |
| E-mail | **mattkel@yahoo-inc.com** |

Campaign Flight | start: 01/31/2012 (EST) | end: 03/31/2012 (EST)

### LINE ITEMS

| Line Item | Description | Pricing | Units | Cost | Add. Fees | Totals |
|---|---|---|---|---|---|---|
| 4171908 | Search | Dynamic | N/A | $5.00 | | $7,500.00 |
| 4171912 | Education_Behavioral | Dynamic | N/A | $5.00 | | $7,500.00 |
| 4335443 | Ages_18-25_CourseSmart | Dynamic | N/A | $5.00 | | $1,000.00 |
| 4171904 | CourseSmart.com | Dynamic | N/A | $5.00 | | $15,000.00 |
| 4171919 | Ages_18-25 | Dynamic | N/A | $5.00 | | $5,000.00 |
| Total Line Item Budget | | | | | | $36,000.00 |
| Total IO Budget | | | | | | $25,000.00 |

### NOTES

### COMMENTS:

All ads under this Insertion Order (i) may run on web site pages, properties, content and/or applications owned, operated, authorized, or hosted by or for
Yahoo! which may include third party website pages, properties, content and/or applications ("Distribution Network"), (ii) will be displayed on a space-available
basis, and (iii) are not guaranteed to appear in the Distribution Network.  Your charges are based on actual delivery of impressions as measured by us. The
terms of this Insertion Order will control in the event of any conflict with the terms and conditions referenced herein or attached hereto.

### Dynamic Pricing:

For dynamically priced campaigns, your effective CPM will be determined based on your target goals (e.g. CPC, CPA, or CPL). We may adjust the location of

Exhibit B

**YAHOO!**
Yahoo! Inc
701 First Avenue
Sunnyvale, CA 94089-0703

**INVOICE**

Tax ID # 77-0398689

| | |
|---|---|
| INVOICE DATE: | 03-FEB-12 |
| INVOICE NO: | 1637083 |
| CUSTOMER NO: | 1-CAXUC9 |

BILL TO:  ATTN: JENNIFER MU
LUMINOSITY MARKETING
250 5TH AVE RM 200
NEW YORK NY 10001-6405

ADVERTISER:  COURSESMART, LLC
901 MARINERS ISLAND BLVD STE 545
SAN MATEO CA 94404-5026

EMAIL:  JMU@LUMINOSITYMARKETING.COM

CAMPAIGN:  CourseSmart Q1 Campaign

| TERMS | DUE DATE | SALES PERSON | PURCHASE ORDER | IO NO |
|---|---|---|---|---|
| Net 30 | 04-MAR-12 | Matt Kelley | | 1189554 |

| DESCRIPTION | AMOUNT |
|---|---|
| Yahoo! Advertising for the month of JAN-12 | 324.22 |

Comments      Yahoo! Advertising for the month of JAN-12

| | |
|---|---|
| Net Amount | 324.22 |
| TOTAL AMOUNT DUE: | 324.22 USD |

PLEASE DETACH AND RETURN THIS PORTION WITH YOUR PAYMENT

ATTN: JENNIFER MU
LUMINOSITY MARKETING
250 5TH AVE RM 200
NEW YORK NY 10001-6405

| | |
|---|---|
| INVOICE NO: | 1637083 |
| INVOICE DATE: | 03-FEB-12 |
| DUE DATE : | 04-MAR-12 |
| TOTAL AMOUNT DUE: | 324.22 |

IO NO:  1189554
CUSTOMER NO:  1-CAXUC9

AMOUNT PAID:

**PAYMENT OPTIONS**

| BY CHECK: | BY EXPRESS DELIVERY: | BY WIRE: |
|---|---|---|
| Yahoo! Accounts Receivable | Yahoo! Inc | To: Citibank N.A., New York, NY |
| PO BOX 3003 | Citibank Lockbox 3003 | ABA # ████████ 089 |
| Carol Stream, IL 60132-3003 | 8430 W. Bryn Mawr Ave, 3rd Floor | Favor: Yahoo! Inc. |
| | Chicago, IL 60631 | Account No. : ████5078 |
| | Phone: 773-380-5869 | |

US Tax ID #77-0398889

# YAHOO!

Performance Advertising

Yahoo! Inc
701 First Avenue
Sunnyvale, CA 94089-0703

**INVOICE**

Tax ID # 77-0398689

| | |
|---|---|
| INVOICE DATE: | 03-MAR-12 |
| INVOICE NO: | 1658783 |
| CUSTOMER NO: | 1-CAXUC9 |

BILL TO:  ATTN: JENNIFER MU
LUMINOSITY MARKETING
250 5TH AVE RM 200
NEW YORK NY 10001-6405

ADVERTISER:  COURSESMART, LLC
901 MARINERS ISLAND BLVD STE 545
SAN MATEO CA 94404-5026

EMAIL:  JMU@LUMINOSITYMARKETING.COM

CAMPAIGN:  CourseSmart Q1 Campaign

| TERMS | DUE DATE | SALES PERSON | PURCHASE ORDER | IO NO |
|---|---|---|---|---|
| Net 30 | 02-APR-12 | Matt Kelley | | 1189554 |

| DESCRIPTION | AMOUNT |
|---|---|
| Yahoo! Advertising for the month of FEB-12 | 11,345.30 |
| | |
| Comments   Yahoo! Advertising for the month of FEB-12 | |
| Net Amount | 11,345.30 |
| TOTAL AMOUNT DUE: | 11,345.30 USD |

PLEASE DETACH AND RETURN THIS PORTION WITH YOUR PAYMENT

ATTN: JENNIFER MU
LUMINOSITY MARKETING
250 5TH AVE RM 200
NEW YORK NY 10001-6405

| | |
|---|---|
| INVOICE NO: | 1658783 |
| INVOICE DATE: | 03-MAR-12 |
| DUE DATE : | 02-APR-12 |
| TOTAL AMOUNT DUE: | 11,345.30 |

IO NO:  1189554
CUSTOMER NO:  1-CAXUC9

AMOUNT PAID: _____

**PAYMENT OPTIONS**

BY CHECK:
Yahoo! Accounts Receivable
PO BOX 3003
Carol Stream, IL 60132-3003

BY EXPRESS DELIVERY:
Yahoo! Inc
Citibank Lockbox 3003
8430 W. Bryn Mawr Ave, 3rd Floor
Chicago, IL 60631
Phone: 773-360-5869

BY WIRE:
To: Citibank N.A., New York, NY
ABA # ⬛⬛0 069
Favor: Yahoo! Inc.
Account No. : ⬛⬛5078

US Tax ID #77-0398689

# YAHOO!

Yahoo! Inc
701 First Avenue
Sunnyvale, CA 94089-0703

Performance Advertising

**INVOICE**

Tax ID # 77-0398689

| | |
|---|---|
| INVOICE DATE: | 03-APR-12 |
| INVOICE NO: | 1660173 |
| CUSTOMER NO: | 1-CAXUC9 |

BILL TO:  ATTN: JENNIFER MU
LUMINOSITY MARKETING
250 5TH AVE RM 200
NEW YORK NY 10001-6405

ADVERTISER:  COURSESMART, LLC
901 MARINERS ISLAND BLVD STE 545
SAN MATEO CA 94404-5026

EMAIL:  JMU@LUMINOSITYMARKETING.COM

CAMPAIGN:  CourseSmart Q1 Campaign

| TERMS | DUE DATE | SALES PERSON | PURCHASE ORDER | IO NO |
|---|---|---|---|---|
| Due In Advance | 03-APR-12 | Matt Kelley | | 1189554 |

| DESCRIPTION | AMOUNT |
|---|---|
| Yahoo! Advertising for the month of MAR-12 | 12,242.18 |
| | |
| Comments       Yahoo! Advertising for the month of MAR-12 | |
| Net Amount | 12,242.18 |

| | |
|---|---|
| TOTAL AMOUNT DUE: | 12,242.18 USD |

PLEASE DETACH AND RETURN THIS PORTION WITH YOUR PAYMENT

ATTN: JENNIFER MU
LUMINOSITY MARKETING
250 5TH AVE RM 200
NEW YORK NY 10001-6405

| | |
|---|---|
| INVOICE NO: | 1660173 |
| INVOICE DATE: | 03-APR-12 |
| DUE DATE : | 03-APR-12 |
| TOTAL AMOUNT DUE: | 12,242.18 |

IO NO:       1189554
CUSTOMER NO:   1-CAXUC9

AMOUNT PAID: _____

**PAYMENT OPTIONS**

BY CHECK:
Yahoo! Accounts Receivable
PO BOX 3003
Carol Stream, IL 60132-3003

BY EXPRESS DELIVERY:
Yahoo! Inc
Citibank Lockbox 3003
8430 W. Bryn Mawr Ave, 3rd Floor
Chicago, IL 60631
Phone: 773-380-5889

BY WIRE:
To: Citibank N.A., New York, NY
ABA # ⬛⬛⬛0 069
Favor: Yahoo! Inc.
Account No. : ⬛⬛5078

US Tax ID #77-0398689

**INVOICE**

Tax ID # 77-0398689

|  | |
| --- | --- |
| INVOICE DATE: | 02-MAY-12 |
| INVOICE NO: | 1673153 |
| CUSTOMER NO: | 1-CAXUC9 |

BILL TO:   ATTN: JENNIFER MU
LUMINOSITY MARKETING
250 5TH AVE RM 200
NEW YORK NY 10001-6405

ADVERTISER:   COURSESMART, LLC
901 MARINERS ISLAND BLVD STE 545
SAN MATEO CA 94404-5026

EMAIL:   JMU@LUMINOSITYMARKETING.COM

CAMPAIGN:   CourseSmart Q1 Campaign

| TERMS | DUE DATE | SALES PERSON | PURCHASE ORDER | IO NO |
| --- | --- | --- | --- | --- |
| Due in Advance | 02-MAY-12 | Matt Kelley | | 1189554 |

| DESCRIPTION | AMOUNT |
| --- | --- |
| Yahoo! Advertising for the month of APR-12 | 69.12 |
| | |
| Comments   Yahoo! Advertising for the month of APR-12 | |
| Net Amount | 69.12 |
| **TOTAL AMOUNT DUE:** | **69.12 USD** |

PLEASE DETACH AND RETURN THIS PORTION WITH YOUR PAYMENT

ATTN: JENNIFER MU
LUMINOSITY MARKETING
250 5TH AVE RM 200
NEW YORK NY 10001-6405

| | |
| --- | --- |
| INVOICE NO: | 1673153 |
| INVOICE DATE: | 02-MAY-12 |
| DUE DATE : | 02-MAY-12 |
| TOTAL AMOUNT DUE: | 69.12 |

IO NO:   1189554
CUSTOMER NO:   1-CAXUC9

AMOUNT PAID:   _____

**PAYMENT OPTIONS**

BY CHECK:
Yahoo! Accounts Receivable
PO BOX 3003
Carol Stream, IL 60132-3003

BY EXPRESS DELIVERY:
Yahoo! Inc
Citibank Lockbox 3003
8430 W. Bryn Mawr Ave, 3rd Floor
Chicago, IL 60631
Phone: 773-380-5869

BY WIRE:
To: Citibank N.A., New York, NY
ABA # ■■■■■■0 089
Favor: Yahoo! Inc.
Account No. :■■■■■5078

US Tax ID #77-0398689

**EXHIBIT B**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In Re:                                                      :          Chapter 7

LUMINOSITY MARKETING, INC.,                                 :          Case No.: 12-11147 (MG)

                              Debtor(s).                    :
-----------------------------------------------------------X

## ORDER GRANTING CHAPTER 7 TRUSTEE'S MOTION SEEKING TO RECLASSIFY PROOF OF CLAIM NUMBER 16 FILED ON BEHALF OF YAHOO! INC.

Upon the *Chapter 7 Trustee's Motion Seeking to Reclassify Proof of Claim Number 16 Filed on Behalf Of Yahoo! Inc.* (the "**Motion**"), filed by Jil Mazer-Marino, the chapter 7 trustee (the "**Trustee**") for Luminosity Marketing, Inc. (the "**Debtor**"), dated May 20, 2015, pursuant to sections 105(a) and 503(b)(1)(A) of title 11 of the United States Code (the "**Bankruptcy Code**"), seeking entry of an order reclassifying Proof of Claim Number 16, filed on behalf of Yahoo! Inc. as a general unsecured claim; and a hearing on the motion (the "**Hearing**") having been held on June 22, 2015; and the Trustee having provided due and proper notice of the Motion and the Hearing; and no other or further notice being necessary; and it appearing that the relief sought in the Motion is in the best interests of the estate, its creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just and sufficient cause to grant the requested relief herein; and objections, if any, to the Motion having been overruled, withdrawn, or resolved, it is hereby

**ORDERED** that, the relief requested in the Motion is granted to the extent provided herein; and it is further

**ORDERED** that, Proof of Claim 16 filed on behalf of Yahoo! Inc. shall be and hereby is reclassified and allowed as a general unsecured claim in the amount of $23,980.82; and it is further

**ORDERED** that, this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order; and it is further

**ORDERED** that, the rights of all parties in interest are preserved to object to the POC on all grounds.

**Dated: New York, New York**
             _____, 2015

                       _____
                       **HON. MARTIN GLENN**
                       **UNITED STATES BANKRUPTCY JUDGE**

2